## In re BEACH.

Patent Appeal No. 3398.

Court of Customs and Patent Appeals.
March 4, 1935.

See, also (Cust. & Pat. App.) 67 F.(2d) 924; (Cust. & Pat. App.) 70 F.(2d) 916.

Edwin B. H. Tower, Jr., of Milwaukee, Wis., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has here appealed from a decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner in rejecting claims 23 and 24, being all the claims, in appellant's application for a patent for an alleged improvement in a floor polishing machine. Claim 23 is illustrative and reads: "23. A floor polishing machine, comprising in combination, a frame providing an arm disposed at the front of the machine and upon only one side thereof, a horizontal axle arranged transverse to said frame at the front thereof and having one end free from said frame and the other end attached to said arm in a fixed position thereon, a cylindrical brush arranged upon said axle to rotate thereon in engagement with the floor and to support said frame at its front end from the floor and having its end at the free end of said axle projecting in a lateral direction beyond said axle and other parts of the machine, a handle attached to said frame in a fixed position thereon to support said frame at its rear end from the floor, an electric motor carried by said frame behind said brush and having its shaft parallel to said axle, and a drive connecting said brush to said motor to drive it therefrom."

The references relied upon are:
Gasser, 1340040, May 11, 1920,
Beach, 1588157, June 8, 1926,
Knecht, Swiss, 102701, of 1922.

The board describes the alleged invention as follows: "This application discloses a floor polishing machine broadly of the type embodying a manipulating handle, a motor and a rotary brush and wherein the motor and brush are arranged in a straight line or continuing plane of the handle so that when the handle is held for manipulation the weight of the device rests upon the brush with the motor lifted free of the floor. Another feature of applicant's claimed combination consists of mounting the brush upon a forward extension of the frame at one side only. * * *"

The two main features of the claimed invention relate to the construction which permits the weight of the machine to rest upon the brush when in contact with the floor, and in the fact that the absence of any framework on one side of the end of the brush enables the user of the machine to

reach into corners and operate close to walls and pieces of furniture.

The patent to Knecht shows a machine having a brush mounted on a spindle, supported rigidly at one end and free at the other end. The brush in Knecht's machine projects laterally beyond the plane of the side of the motor and frame of the machine. Knecht shows supporting rollers which may be elevated, if it is desirable to have the brush come in contact with the floor. Knecht's structure does not seem to be especially adapted for this kind of use owing to the smallness and lightness of the brush.

The Beach reference shows a machine with the handle, motor, and brush lying in a plane so that the operator may rest the weight of the machine upon the brush. The Beach reference, however, supports and drives the brush from each end of the same.

The references Gasser and Knecht show that feature in appellant's structure which leaves one side of the brush unencumbered by any frame or supporting members so as to permit the brush to operate in close places.

The claims were rejected by the Patent Office tribunals upon Knecht in view of either Beach or Gasser.

■ Appellant urges that he obtains several useful results from his machine which cannot be obtained by the prior art devices.

The board held that the said two features in appellant's structure were independent of each other, that there was no patentable co-operation between them, that they served the same purpose in appellant's combination that they served singly in the prior art references, and that these facts negatived invention.

We agree with this conclusion. Appellant may have a new and better machine than is shown in the prior art, but his machine consists of old elements combined which produce no new results not produced singly in the prior art devices.

Appellant sums up his argument in the following language: "As will hereinafter be discussed, although these features may not have any *mutual cooperation,* nevertheless, it is deemed that invention was involved in devising a floor polishing machine in which the parts are so constructed and combined that it possesses the features of two different prior machines each of which had a deficiency by reason of the lack of one of these features."

■ An aggregation of several results obtained from a combination of old art elements need not necessarily involve inven-

tion even though the machine is an improvement over the prior art and is useful. In re Farrand, 49 F.(2d) 1035, 18 C. C. P. A. (Patents) 1452. In Re Isherwood, 40 F.(2d) 987, 988, 17 C. C. P. A. (Patents) 1187, it was said: " * * * it is true, as a matter of law, that, if the applicant has taken one feature from one patented device, and another feature from another patented device, and combined them, and has produced no results other than were produced by the original devices in their individual operation, he has invented nothing. * * *"

The Supreme Court of the United States in Pickering et al. v. McCullough et al., 104 U. S. 310, 318, 26 L. Ed. 749, stated: " * * * It must form either a new machine of a distinct character and function, or produce a result due to the joint and co-operating action of all the elements, and which is not the mere adding together of separate contributions. Otherwise it is only a mechanical juxtaposition, and not a vital union."

Substantially the same question as is presented here was involved in Re Beach, 70 F.(2d) 916, 21 C. C. P. A. (Patents) 1130.

We do not think it required invention to modify the structures of the prior art and to combine the features above referred to and thus produce appellant's machine.

The decision of the Board of Appeals is affirmed.

Affirmed.